# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

IN RE:                                                  Case No. 1:24-mc-0010
DENNIS PEYTON                                           Barrett, J.
                                                        Litkovitz, M.J.
Movant.

AMERITAS LIFE INSURANCE CORP.,                          Underlying litigation:
                                                        C.A. No. 1:23-cv-00236(GBW)
        Plaintiff,

        vs.

WILMINGTON SAVINGS FUND SOCIETY,
FSB, SOLELY AS SECURITIES
INTERMEDIARY,                                           **ORDER**

        Defendant.

        This matter is before the Court on defendant Wilmington Savings Fund Society, FSB,

Solely as Securities Intermediary's motion for leave to file under seal portions of its opposition

memorandum to plaintiff Dennis Peyton's motion to quash subpoena and certain associated

exhibits.  (Doc. 9).  Defendant has filed redacted versions of the motion in opposition to quash

(hereinafter opposition), absent those corresponding exhibits they seek to file under seal, on the

public docket.  (Doc. 8).  For the reasons that follow, defendant's motion is granted.

        In *Shane Group*, the Sixth Circuit explained that "the public has a strong interest in

obtaining information in the Court record."  *Id*. at 305 (citing *Brown & Williamson Tobacco

Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)):

> The courts have long recognized . . . a "strong presumption in favor of openness"
> as to court records.  *Brown & Williamson*, 710 F.2d at 1179. The burden of
> overcoming that presumption is borne by the party that seeks to seal them.  *In re
> Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).  The burden is a heavy one:
> "Only the most compelling reasons can justify non-disclosure of judicial records."
> *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983).  Moreover,
> the greater the public interest in the litigation's subject matter, the greater the

showing necessary to overcome the presumption of access. *See Brown & Williamson*, 710 F.2d at 1179. . . . [E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press–Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter [Int'l, Inc. v. Abbott Labs*., 297 F.3d 544,] at 548 [(7th Cir. 2002)].

*Shane Group*, 825 F.3d at 305-06. Therefore, to warrant sealing of documents, the proponent of sealing must show more than "good cause." *Id.* at 305. Additionally, the Court is required to set forth specific findings and conclusions justifying the sealing of records—regardless of whether a party objects. *Id.* at 306.

Defendant's motion for leave to file under seal states compelling reasons for sealing the documents and demonstrates why the interests of the parties in sealing the documents outweighs the public's right to obtain information in the Court's record. (Doc. 9, 9-1). Defendant's present motion to seal seeks to protect certain documents and deposition testimony of plaintiff/counter-defendant Ameritas Life Insurance Corp, that has been designated as confidential in the Delaware litigation from disclosure on the public record. (Doc. 9 at PAGEID 443). Further, defendant points out that the other parties, Ameritas Life Insurance Corp. and Dennis Peyton, "specifically requested and agreed-to the relief sought in this motion." (Doc. 9 at PAGEID 444).

The portions of the opposition memorandum and corresponding exhibits that defendant seeks to file under seal contain confidential "witness deposition testimony and documents currently subject to a protective order agreed-to amongst the parties in the Delaware litigation." (Doc. 9-1 at PAGEID 450). Defendant asserts that the motion should be granted because the parties to the Delaware litigation have previously agreed the information contained in defendant's opposition should be filed under seal to protect internal, confidential business practices. (Doc. 9-1 at PAGEID 451). "This Court has repeatedly 'recognized that protecting

2

confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings.'" *Total Quality Logistics, LLC v. Riffe*, No. 1:19-cv-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (quoting *Ethicon Endo-Surgery, Inc. v. Covidien, Inc*., No. 1:11-cv-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017)). *See Olymbec USA, LLC v. Closed Loop Ref. & Recovery, Inc*., No. 2:19-cv-1041, 2021 WL 640452, at *2 (S.D. Ohio Feb. 11, 2021) (granting defendant's motion for leave to file under seal because the "documents contain[ed] proprietary, highly confidential, trade secret information, such as business terms, data, pricing, marketing, and strategy information[.]").

Moreover, the public's interest in the confidential business information is limited because this matter involves a private dispute between the parties over the denial of payment for a life insurance policy and "it does not appear that the public will need to review the specific contents of the [redacted information] to understand [] the merits of plaintiff's claims[.]" *Luxottica of Am. Inc. v. Allianz Glob. Risks US Ins. Co*., No. 1:20-cv-698, 2021 WL 735205, at *3 (S.D. Ohio Feb. 25, 2021). *See also London Comput. Sys., Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) ("the public will not need to view the parties' highly confidential business information to understand the events giving rise to this dispute, or the arguments made in that motion.").

Finally, the proposed motion to seal is narrowly tailored because defendant does not seek to seal the entirety of the documents. (*See* Doc. 9 at PAGEID at 443). Instead, defendant has already filed redacted versions of the documents on the Court's docket, such that the public can view the documents' unredacted portions in their entirety. (Doc. 8). "Given this offer, the Court finds that the proposed seal is no broader than necessary to address the compelling reason for

3

non-disclosure." *Luxottica*, 2021 WL 735205 at *3 (internal citations omitted). *See also Wiggins v. Bank of Am., N.A.*, No. 2:19-cv-3223, 2020 WL 7056479, at *2 (S.D. Ohio Dec. 2, 2020) (holding that the motion to seal was "narrowly tailored" because the party sought "not to seal these exhibits in their entirety, but rather, to file redacted versions on the public docket."). Therefore, defendant has met its burden to justify the non-disclosure of the documents, and defendant's motion to seal (Doc. 9) is **GRANTED**.

### IT IS THEREFORE ORDERED THAT:

1.  Defendant is **DIRECTED** to file under seal the unredacted response in opposition to Dennis Peyton's motion to quash, previously submitted to the Court as redacted on CM/ECF (Doc. 8), and Exhibits 3, 9, 12, 14, 20, and 23.

Date: 9/18/2024

Karen L. Litkovitz
Chief United States Magistrate Judge