**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| IN RE:<br>DENNIS PEYTON | Case No. 1:24-mc-0010<br>Barrett, J.<br>Litkovitz, M.J. |
|      Movant. | |
| AMERITAS LIFE INSURANCE CORP., | Underlying litigation:<br>C.A. No. 1:23-cv-00236 |
|      Plaintiff/Counter-Defendant, | |
|      vs. | |
| WILMINGTON SAVINGS FUND SOCIETY,<br>FSB, SOLELY AS SECURITIES<br>INTERMEDIARY, | **ORDER** |
|      Defendant/Counter-Claimant. | |

This matter is before the Court on plaintiff/counter-defendant Ameritas Life Insurance Corp. (Ameritas)'s motion for leave to file under seal portions of its reply memorandum and certain exhibits in support of its motion to quash the subpoena issued to Dennis Peyton, a former Ameritas employee. (Doc. 13). Ameritas has filed a redacted version of its reply memorandum on the Court's public docket. (Doc. 14). For the reasons that follow, Ameritas's motion is granted.

In *Shane Group*, the Sixth Circuit explained that "the public has a strong interest in obtaining information in the Court record." *Id.* at 305 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)):

> The courts have long recognized . . . a "strong presumption in favor of openness" as to court records. *Brown & Williamson*, 710 F.2d at 1179. The burden of overcoming that presumption is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Moreover, the greater the public interest in the litigation's subject matter, the greater the

> showing necessary to overcome the presumption of access. *See Brown & Williamson*, 710 F.2d at 1179. . . .  [E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason.  *See, e.g.*, *Press–Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11 (1984).  The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."  *Baxter [Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544,] at 548  [(7th Cir. 2002)].

*Shane Group*, 825 F.3d at 305-06.  Therefore, to warrant sealing of documents, the proponent of sealing must show more than "good cause."  *Id.* at 305.  Additionally, the Court is required to set forth specific findings and conclusions justifying the sealing of records—regardless of whether a party objects.  *Id.* at 306.

Ameritas's motion for leave to file under seal states compelling reasons for sealing the documents and demonstrates why the interests of the parties in sealing the documents outweighs the public's right to obtain information in the Court's record.  The motion seeks to protect certain documents and deposition testimony of Ameritas Life Insurance Corp. that have been designated as confidential in the Delaware litigation from disclosure on the public record.  (Doc. 13 at PAGEID 656).  In support of Dennis Peyton's Motion to Quash, Ameritas intends to rely upon certain documents and deposition testimony of Ameritas's witnesses that contain information Ameritas designated as confidential in the Delaware Litigation.  Ameritas seeks leave of this Court to seal the confidential information contained in the Reply (which has been redacted from the version filed on the public docket) and certain Exhibits R, S, T, U, V, W, X, and Y supporting the reply.

The portions of the reply memorandum and corresponding exhibits that Ameritas seeks to file under seal contain confidential information "of a sensitive proprietary, business, and financial nature. . . ."  (Doc. 13 at PAGEID 656).  Ameritas asserts that the confidential information it seeks to file under seal addresses the same information that defendant/counter-

2

claimant Wilmington Savings Fund Society, FSB, Solely As Securities Intermediary sought to seal in its motion for leave to file under seal, which was previously granted by the Court.  "This Court has repeatedly 'recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings.'"  *Total Quality Logistics, LLC v. Riffe*, No. 1:19-cv-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (quoting *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-cv-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017)).  *See Olymbec USA, LLC v. Closed Loop Ref. & Recovery, Inc.*, No. 2:19-cv-1041, 2021 WL 640452, at *2 (S.D. Ohio Feb. 11, 2021) (granting defendant's motion for leave to file under seal because the "documents contain[ed] proprietary, highly confidential, trade secret information, such as business terms, data, pricing, marketing, and strategy information[.]").

Moreover, the public's interest in the confidential business information is limited because this matter involves a private dispute between the parties over the validity of a life insurance policy and the non-payment of life insurance proceeds, and "it does not appear that the public will need to review the specific contents of the [redacted information] to understand [] the merits of plaintiff's claims[.]"  *Luxottica of Am. Inc. v. Allianz Glob. Risks US Ins. Co.*, No. 1:20-cv-698, 2021 WL 735205, at *3 (S.D. Ohio Feb. 25, 2021).  *See also London Comput. Sys., Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) ("the public will not need to view the parties' highly confidential business information to understand the events giving rise to this dispute, or the arguments made in that motion.").

Finally, the proposed motion to seal is narrowly tailored because Ameritas does not seek to seal the entirety of the documents.  (*See* Doc. 13 at PAGEID at 656.)  Instead, Ameritas has already filed a redacted version of its reply memorandum on the Court's docket, such that the

public can view the document's unredacted portions in its entirety.  (Doc. 14).  "Given this offer, the Court finds that the proposed seal is no broader than necessary to address the compelling reason for non-disclosure." *Luxottica*, 2021 WL 735205 at *3 (internal citations omitted). *See also Wiggins v. Bank of Am., N.A.*, No. 2:19-cv-3223, 2020 WL 7056479, at *2 (S.D. Ohio Dec. 2, 2020) (holding that the motion to seal was "narrowly tailored" because the party sought "not to seal these exhibits in their entirety, but rather, to file redacted versions on the public docket."). Therefore, Ameritas has met its burden to justify the non-disclosure of the documents, and its motion to seal (Doc. 13) is **GRANTED**.

### IT IS THEREFORE ORDERED THAT:

1.  Ameritas is **DIRECTED** to file under seal the unredacted reply memorandum to Dennis Peyton's motion to quash, previously submitted to the Court as redacted on CM/ECF (Doc. 14), and Exhibits R, S, T, U, V, W, X, and Y.

Date: 10/12/2024

Karen L. Litkovitz
Chief United States Magistrate Judge

4